STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.                                         DOCKET NO. AP-17-009

LUKE CONTE,

                 Plaintiff

v.                                       **ORDER**

TOWN OF YORK,

                 Defendant

This matter was heard with respect to an 80B appeal filed by Mr. Conte. At issue relates to the assessed value on his property located in York, Maine. As the Town correctly identifies the burden of proof is upon Mr. Conte to prove that the assessed value on his property is manifestly wrong. *Terfloth v. Town of Scarborough*, 2014 ME 57.

The Court's role in this review is to only vacate the Board of Assessment Review's decision if it is unsupported by substantial evidence in the record, or if the record compels a different conclusion to the exclusion of any other reasonable decision.

A review of the record indicates that Mr. Conte purchased the property on December 29, 2015 for $552,250, which was within $150 of the April 1, 2016 assessed value of $552,400. The abatement sought by Mr. Conte is for approximately $16,400 less than the $552,400 assessed value which, as the Town mathematically notes, is a reduction of less than 10%.

1

Real Estate value appraisal and assessment is not an exact science. It is based typically on evaluations of comparable properties. This is well recognized both in the history of expert testimony presented to this Court in which real estate appraisers typically testify that there is a 10% to 15% range of error in their calculations, which ultimately has been codified at 36 M.R.S. §848-A, which indicates that in any proceedings related to a protested assessment, it is sufficient defense of the assessment that it is accurate within reasonable limits of practicality except when a proven deviation of 10% or more from the relevant assessment ratio of the municipality or primary assessing area exists.

The Court concludes that the assessed value that Mr. Conte has not established that the assessed value on his property is manifestly wrong, while his assessment technique revealed a number that was approximately 3% less than the number assessed by the Town. The Court cannot conclude that that evidence compels a contrary conclusion to the exclusion of any other inference which is the standard for review required by this Court.

Accordingly, the appeal is denied.

The Clerk may incorporate this order by reference on the docket.

Dated: October 5, 2017

_____
John H. O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 10/5/17

2